1  VANESSA HOLTON (111613)
   General Counsel
2  ROBERT G. RETANA (148677)
   Deputy General Counsel
3  JAMES J. CHANG (287008)
   Assistant General Counsel
4  THE STATE BAR OF CALIFORNIA
   OFFICE OF GENERAL COUNSEL
5  180 Howard Street
   San Francisco, CA 94105-1639
6  Telephone: (415) 538-2381
   Fax: (415) 538-2321
7  james.chang@calbar.ca.gov

8  Attorneys for Defendants
   Board of Trustees of the State Bar of California
9  and Leah Wilson.

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  MICHAEL BERNARD POTERE,            Case No.   2:21-cv-05208-JAK-JC

14        Plaintiff,

15  v.                                 **DEFENDANT BOARD OF TRUSTEES OF
                                        THE STATE BAR OF CALIFORNIA AND
16                                      LEAH WILSON'S NOTICE OF MOTION
                                        AND MOTION TO DISMISS
17  THE BOARD OF TRUSTEES OF THE        COMPLAINT; MEMORANDUM OF
    STATE BAR OF CALIFORNIA; LEAH       POINTS AND AUTHORITIES IN
18  WILSON, EXECUTIVE DIRECTOR OF       SUPPORT THEREOF
    THE STATE BAR OF CALIFORNIA,
19                                      DATE:              October 12, 2021
        Defendants.                     TIME:              9:30 a.m.
20                                      COURTROOM:         750
                                        MAGISTRATE JUDGE: Jacqueline Chooljian
21

22

23

24

25

26

27

28

**Table of Contents**

I.     INTRODUCTION.................................................................................... 1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 1

    A.    The State Bar Defendants.................................................... 1

    B.    Plaintiff's Criminal Conviction and Resulting Disbarment ............ 2

    C.    The Instant Complaint and Standard 1.6(d) of the State Bar Standards for Attorney Sanctions for Professional Misconduct................. 3

III.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1) ................................. 5

    A.    Legal Standard Under Rule 12(b)(1) ................................... 5

    B.    Plaintiff's Claims are Moot ................................................ 6

    C.    Plaintiff Lacks Standing to Bring a General Challenge to State Bar Discipline Rules and His Requests for Injunctive and Declaratory Relief Must Therefore be Dismissed ................................................ 7

IV.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)................................................ 9

    A.    Legal Standard Under Rule 12(b)(6) ................................... 9

    B.    Plaintiff's Challenge to the Constitutionality of State Bar Rules is Precluded Because it was Adjudicated in the California Supreme Court Proceeding ... 9

V.    CONCLUSION ............................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)................................................................................. 9

*Augustine v. United States*
704 F.2d 1074 (9th Cir. 1983................................................................... 6

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)................................................................................. 9

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994)..................................................................... 9

*D.C. Court of Appeals v. Feldman*
460 U.S. 462 (1983)................................................................................. 4

*Eilrich v. Remas*
839 F.2d 630 (9th Cir. 1988) ................................................................. 10

*Gupta v. Thai Airways Int'l, Ltd.*
487 F.3d 759 (9th Cir. 2007) ................................................................. 10

*Hafer v. Melo*
502 U.S. 21, 112 S. Ct. 358 (1991)......................................................... 2

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
896 F.2d 1542 (9th Cir. 1990) ................................................................. 9

*In re Attorney Discipline System*
19 Cal.4th 582 (Cal. 1998)....................................................................... 2

*In re Rose*
22 Cal.4th 430 (Cal. 2000)................................................................. 2, 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994)................................................................................. 5

*Lujan v. Defs. of Wildlife*
504 U.S. 555 (1992)................................................................................. 7

*Mitchell v. Dupnik*
75 F.3d 517 (9th Cir.1996) ...................................................................... 6

*Partington v. Gedan*
961 F.2d 852 (9th Cir. 1992) ................................................................... 8

*People v. Barragan*
32 Cal.4th 236 (2004) ........................................................................... 10

*Pub. Util. Comm'n of State of Cal. v. F.E.R.C.*
100 F.3d 1451 (9th Cir. 1996) ................................................................. 7

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ................................................................. 5

*Savage v. Glendale Union High Sch.*
    343 F.3d 1036 (9th Cir. 2003) .............................................................. 5, 6

*Scott v. Breeland*
    792 F.2d 925 (9th Cir. 1986 .................................................................... 5

*Spencer v. Kemna*
    523 U.S. 1, 118 S. Ct. 978 (1998) ........................................................... 6

*Stoianoff v. Montana*
    695 F.2d 1214 (9th Cir. 1983) ................................................................. 7

*Thornhill Publ'g Co. v. Gen. Tel. Corp.*
    594 F.2d 730 (9th Cir.1979) ................................................................... 6

*U.S. v. Ritchie*
    342 F.3d 903 (9th Cir. 2003) ................................................................... 9

*Usher v. City of Los Angeles*
    828 F.2d 556 (9th Cir. 1987) ................................................................... 9

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2012) .............................................................. 5, 6

**Statutes**

18 U.S.C.
    § 1030 (a)(2)(c) ...................................................................................... 2
    § 1030(c)(2)(A) ...................................................................................... 2

28 U.S.C.
    § 2201 ..................................................................................................... 7

California Business & Professions Code
    §§ 6000-6243 .......................................................................................... 2
    § 6010(d) ................................................................................................. 1
    §§ 6101-6102 .......................................................................................... 2

**Rules**

California Rules of Court
    Rule 9.16(b) .......................................................................................... 10

Federal Rules of Civil Procedure
    Rule 12(b)(1) ........................................................................................... 5
    Rule 12(b)(6) ........................................................................................... 6
    Rule 25(d) ............................................................................................... 2

State Bar Standards for Attorney Sanctions for Professional Misconduct
    Standard 1.6(d) ............................................................................. passim

**Constitutional Provisions**

California Constitution
    art. VI, § 9 ......................................................................................................................... 2

1

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

3

  **PLEASE TAKE NOTICE** that on October 12, 2021, at 9:30 a.m., or as soon thereafter

4

as this matter may be heard, before the Honorable Magistrate Judge Jacqueline Chooljian, in

5

Courtroom 750, 7th Floor, Roybal Federal Building and United States Courthouse, 255 East

6

Temple Street, Los Angeles, CA, 90012, Defendants Board of Trustees of the State Bar of

7

California, and Leah Wilson, Executive Director of The State Bar of California, will and hereby

8

do move the Court for an order dismissing plaintiff's Complaint as to all claims against them

9

pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

10

  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took

11

place on July 12, 2021.

12

  This motion is based on this Notice of Motion and Motion, the accompanying

13

Memorandum of Points and Authorities and records incorporated therein, the Request for

14

Judicial notice, filed herewith, all pleadings and papers on file in this action and any related

15

actions, and oral argument as may be presented to the Court.

16

17

Dated: August 20, 2021     Respectfully submitted,

18

           VANESSA L. HOLTON
           General Counsel

19

           ROBERT G. RETANA
           Deputy General Counsel

20

           OFFICE OF GENERAL COUNSEL

21

           THE STATE BAR OF CALIFORNIA

22

           By:/s/ *JAMES J. CHANG*

23

             JAMES J. CHANG
             Assistant General Counsel

24

           Attorneys for Defendants

25

           Board of Trustees of the State Bar of California;
           Leah T. Wilson, Executive Director of the State

26

           Bar of California

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Michael Bernard Potere ("Plaintiff") is a former attorney who was criminally convicted and then disbarred after he attempted to extort his former law firm by threatening the release of confidential information unless the firm met Plaintiff's demand for $210,000 and valuable artwork.  In the state judicial proceedings before the California State Bar Court and California Supreme Court, Plaintiff argued that his alleged depression at the time of his criminal conduct was a mitigating circumstance, and that the State Bar's procedural rules governing presentation of evidence of these alleged mitigating circumstances were unfair, unconstitutional and violated the Americans with Disabilities Act ("ADA").  The California Supreme Court considered—and rejected—Plaintiff's arguments on the merits and ordered Plaintiff disbarred.

Plaintiff now seeks to relitigate these issues here in this Court.  This attempt should be denied for several reasons.  First, the Court lacks subject-matter jurisdiction because Plaintiff lacks standing to seek a declaration that State Bar procedures are unconstitutional or violate the ADA because the Complaint nowhere alleges that they are imminently to be enforced against him; instead, the proceeding to which his arguments relate has already concluded and his Complaint is therefore moot.  Second, Plaintiff fails to state a claim because he has already litigated theses issues in state court and lost; his claims are therefore precluded.

Therefore, Defendants Board of Trustees of the State Bar of California ("State Bar") and Leah Wilson respectfully request that the Court dismiss this Complaint with prejudice and without leave to amend.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   The State Bar Defendants

Defendant Board of Trustees of the State Bar is the governing board of the State Bar. Cal. Bus. & Prof. Code § 6010(d).  Defendant Leah Wilson is the Executive Director of the State Bar. Both defendants are sued in their official capacities, and accordingly, this suit is in effect a suit

against the State Bar itself.  Complaint at 7, ¶ 17 and 8, ¶ 19;[1] *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

The State Bar is the California state government agency responsible for admission, regulation, and discipline of attorneys in this state.  The State Bar is a state constitutional entity that serves as an administrative arm of the California Supreme Court.  Ca. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6000 et seq; s*ee also In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function."); *In re Attorney Discipline System*, 19 Cal.4th 582, 599-600 (Cal. 1998) (same).

### B.     Plaintiff's Criminal Conviction and Resulting Disbarment

In 2017, Plaintiff threatened his former law firm that if they did not pay him $210,000 and give him valuable artwork and other items, he would publicize confidential firm information, including financial documents, client billing rates, and associate reviews and salary offers. Plaintiff was indicted and ultimately pled guilty to one count of Accessing a Computer Without Authorization to Obtain Information, 18 U.S.C. §§ 1030 (a)(2)(c), (c)(2)(A), and was sentenced to five months in prison.  *See United States v. Potere*, C.D. Cal. Case No. 2:17-cr-00446-JFW-1, Docs. 44 [Plea Agreement] (attached to the Request for Judicial Notice ("RJN"), filed herewith, as Exhibit 1); 49 [Minute Order Accepting Plea Agreement] (RJN, Exh. 2); 70 [Judgment and Commitment Order] (RJN, Exh. 3); and 77 [Transcript of October 18, 2017 Plea Agreement Hearing] (RJN, Exh. 4).

On March 20, 2018, State Bar Office of Chief Trial Counsel transmitted the record of Plaintiff's criminal conviction to the State Bar Court to begin attorney discipline proceedings pursuant to Cal. Bus. & Prof. Code §§ 6101-6102 (providing for suspension and disbarment of attorneys convicted of crimes involving moral turpitude).  *See In the Matter of the Conviction of*

---

[1] Pursuant to FRCP 25(d), Defendant Leah Wilson is automatically substituted in place of her predecessor who was named in the Complaint, Donna Hershkowitz.  *See* Doc. 11 (Notice of Automatic Substitution of Public Officer Defendant Party Pursuant to FRCP 25(d)).

1   *Michael Bernard Potere,* California State Bar Court Case No. 17-C-03795, Transmittal of

2   Records of Conviction of Attorney (RJN, Exh. 5) (attachments omitted).

3       On October 28, 2019, after a three-day hearing, the State Bar Court Hearing Department

4   found that the facts and circumstances surrounding Plaintiff's conviction established moral

5   turpitude and recommended that Plaintiff be disbarred.  *See In the Matter of the Conviction of*

6   *Michael Bernard Potere,* California State Bar Court Case No. 17-C-03795-CV, October 28, 2019

7   Hearing Department Decision and Order of Involuntary Inactive Enrollment (RJN Exh. 6).

8       Plaintiff appealed to the appellate tribunal within the State Bar Court, the Review

9   Department, which affirmed the recommendation of disbarment by Order dated October 16,

10   2020.  *See In the Matter of the Conviction of Michael Bernard Potere,* California State Bar Court

11   Case No. 17-C-03795-CV, Review Department Opinion and Order (RJN, Exh. 7).

12       On January 25, 2021. Plaintiff filed in the California Supreme Court a petition for review

13   of the State Bar Court's recommendation.  *See Potere on Discipline,* California Supreme Court

14   Case No. S266618, Petition for Review (RJN, Exh. 8) (appendices omitted).  Importantly,

15   Plaintiff raised in his petition for review before the California Supreme Court the same challenge

16   to State Bar rules that he raises in the instant complaint.  *Id.* at 18-30.

17       On March 30, 2021, the California Supreme Court denied Plaintiff's petition for review

18   and ordered him disbarred.  *See Potere on Discipline,* California Supreme Court Case No.

19   S266618, Order Denying Petition for Review and Imposing Discipline (RJN, Exh. 9).

20       On June 28, 2021, Plaintiff filed a petition for writ of certiorari to the United States

21   Supreme Court, which remains pending.  *Potere v. State Bar of Cal.*, United States Supreme

22   Court Case No. 21-5020.

23   **C.   The Instant Complaint and Standard 1.6(d) of the State Bar Standards for Attorney Sanctions for Professional Misconduct**

25       On June 24, 2021, Plaintiff filed the instant Complaint in this Court generally alleging

26   that Standard 1.6(d) of the State Bar Standards for Attorney Sanctions for Professional

27   Misconduct (herein "Standard 1.6(d)") is unconstitutional and violates the ADA.

28

Standard 1.6(d) provides that "Mitigating circumstances may include . . . (d) extreme emotional difficulties or physical or mental disabilities suffered by the lawyer at the time of the misconduct and established by expert testimony as directly responsible for the misconduct, provided that such difficulties or disabilities were not the product of any illegal conduct by the lawyer, such as illegal drug or substance abuse, and the lawyer established by clear and convincing evidence that the difficulties or disabilities no longer pose a risk that the lawyer will commit misconduct."  Complaint at 5, ¶ 6.

Plaintiff alleges that he seeks only prospective declaratory relief and that he "does not ask that this Court set aside, reverse, or take any action regarding the decisions made by the California State Bar Court o California Supreme Court in his specific matter." [2]  Complaint at 9, ¶ 10-c.  Plaintiff further alleges that his basis for seeking "prospective" relief is that he would be eligible to file a petition for reinstatement five years after his disbarment order and that he has a pending reciprocal attorney discipline case in Illinois, and that "a finding that Standard 1.6(d) is unconstitutional and subsequently enjoined will impact the nature and outcome of that petition." Complaint at 9, ¶ 10-d.  Plaintiff offers no further explanation of this vague claim that a declaration of unconstitutionality of Standard 1.6(d) "will impact the nature and outcome" of his reciprocal discipline matter and potential future attempt to seek reinstatement.

---

[2]  Plaintiff's explanation that his Complaint does not ask this Court to reverse the California Supreme Court's disbarment order recognizes that a federal district court lacks jurisdiction to set aside a final state order of attorney discipline on purported federal constitutional grounds.  *See, e.g., D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 479 (1983) (the exclusive means to seek review of a state order of attorney discipline on federal constitutional grounds is by writ of certiorari to the United States Supreme Court).

Yet despite Plaintiff purportedly recognizing that he is barred from re-litigating his discipline proceeding, his Complaint nonetheless attempts to collaterally challenge his discipline matter. *See, e.g.,* Complaint at 14, ¶ 39 (arguing that Plaintiff's alleged depression caused him to be unable to form the requisite intent to have engaged in the charged misconduct); ¶ 41 (arguing that Plaintiff did not receive a fair hearing in State Bar Court).  Such allegations should be rejected under *Feldman* and because Plaintiff expressly disavows seeking any relief from this Court for those alleged harms.

### III.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(B)(1)

Plaintiff lacks standing to assert a facial challenge to Standard 1.6 because he has not pled any facts showing that it is to be applied to him imminently—in fact, given his disbarment, such a claim would be factually impossible.  Plaintiff's lack of standing means that the Court lacks subject-matter jurisdiction over the Complaint.  Moreover, Plaintiff's claims are moot because his state proceeding has concluded and thus no injunctive relief is available to redress his alleged injuries (unless Plaintiff implicitly seeks to have his discipline order set aside, despite his admission that he does not seek such relief from this Court – see Complaint at 9, ¶ 10-c).

These deficiencies are not curable by amendment and the Complaint should thus be dismissed with prejudice and without leave to amend.

### A.  Legal Standard Under Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court.  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2012).

When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

Motions under Rule 12(b)(1) may be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a facial attack, the movant argues that the allegations of a complaint are insufficient to establish federal jurisdiction.  *See id*.  By contrast, a factual attack or "speaking motion" disputes the allegations that would otherwise invoke federal jurisdiction.  *See id*.  In resolving a

1    factual attack, district courts may review evidence beyond the complaint without converting the

2    motion to dismiss into a motion for summary judgment. *See id.* (citing *Savage*, 343 F.3d at

3    1039 n. 2). Courts consequently need not presume the truthfulness of a plaintiff's allegations.

4    *See id.* (citing *White*, 227 F.3d at 1242). Indeed, "[o]nce the moving party has converted a

5    motion to dismiss into a factual motion by presenting affidavits or other evidence properly before

6    the court, the party opposing the motion must furnish affidavits or other evidence necessary to

7    satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage*, 343 F.3d at

8    1039 n. 2). Further, the existence of disputed facts will not preclude a trial court from evaluating

9    for itself the merits of jurisdictional claims, except where the jurisdictional and substantive issues

10    are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues

11    going to the merits. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing

12    *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733-35 (9th Cir.1979)).

13        **B.**      **Plaintiff's Claims are Moot**

14        To meet the Article III case-or-controversy requirement, "parties must continue to have a

15    personal stake in the outcome of the lawsuit . . . This means that, throughout the litigation, the

16    plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant

17    and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7

18    (1998); *see also Mitchell v. Dupnik,* 75 F.3d 517, 528 (9th Cir.1996) (questions of mootness

19    relating to injunctive relief are determined in light of the present circumstances).

20        Here, Plaintiff's claims are moot because the attorney discipline proceeding in which

21    Standard 1.6(d) was at issue has already concluded in a final order of the California Supreme

22    Court.[3] RJN, Exh. 9. Thus, the declaratory relief that Plaintiff seeks would not redress his

23    alleged injury unless it also serves as a collateral challenge to the final California Supreme Court

24    disbarment order—which Plaintiff expressly disavows (Complaint at 9, ¶ 10-c) ("Plaintiff does

25

26    [3] As discussed in section IV-B, *infra*, the finality of the California Supreme Court proceeding—
in which Plaintiff's identical challenge to Standard 1.6(d) was rejected on the merits—is also a

27    basis to dismiss the Complaint because the claim is precluded, and the Complaint therefore fails

28    to state a claim under FRCP 12(b)(6).

1  not ask this Court to set aside, reverse, or take any action regarding the decisions made by the

2  California State Bar Court or California Supreme court in his specific matter.").  Thus, a

3  declaration by this Court would not have any effect on Plaintiff's disbarment—he would remain

4  disbarred.  Because "[a] federal court cannot issue a declaratory judgment if a claim has become

5  moot," *Pub. Util. Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1459 (9th Cir. 1996), the

6  Complaint must be dismissed for lack of subject-matter jurisdiction.

7        **C.**      **Plaintiff Lacks Standing to Bring a General Challenge to State Bar Discipline Rules and His Requests for Injunctive and Declaratory Relief Must**

8                    **Therefore be Dismissed**

9        Because Plaintiff's state discipline proceeding has completed and he does not allege that

10  any future action by the State Bar against him is imminent, he also lacks standing to bring a

11  general facial challenge to Standard 1.6(d).

12        Article III, Section 2, of the Constitution allows a federal court to act only in cases and

13  controversies, and the Declaratory Judgment Act, 28 U.S.C. § 2201, applies only in "a case of

14  actual controversy."  "The core component of standing is an essential and unchanging part of the

15  case-or-controversy requirement of Article III."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

16  (1992).  As the U.S. Supreme Court further explained:

17
18
19
20
21
22
23
>        [Standing] contains three elements. First, the plaintiff must have
>        suffered an 'injury in fact'—an invasion of a legally protected
>        interest which is (a) concrete and particularized, and (b) **actual or
>        imminent, not 'conjectural' or 'hypothetical,'**   Second, there
>        must be a causal connection between the injury and the conduct
>        complained of—the injury has to be fairly ... trace[able] to the
>        challenged action of the defendant, and not ... th[e] result [of] the
>        independent action of some third party not before the court. Third,
>        it must be likely, as opposed to merely speculative, that the injury
>        will be "redressed by a favorable decision.

24  *Id*. at 560-561 (citations and quotations omitted) (emphasis added).  *See also Stoianoff v.*

25  *Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983) (to establish standing, "a plaintiff must

26  demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced

27  against him.").

28

1    Here, Plaintiff seeks a "permanent injunction prohibiting Defendants from enforcing and

2    applying Standard 1.6(d)."  Complaint at 25.  But Plaintiff lacks standing to seek such relief

3    because he has not shown an "actual or imminent" future action against him by the State Bar,

4    and he could not plausibly amend his complaint to state such facts given that he has already been

5    disbarred and therefore will not have any future disciplinary proceedings against him.

6    *Partington v. Gedan*, 961 F.2d 852 (9th Cir. 1992) is instructive.  The plaintiff in *Partington* was

7    an attorney who had previously been disciplined by the Hawaii Supreme Court.  As here,

8    Partington sued seeking injunctive and declaratory relief that the state attorney discipline

9    procedures were allegedly unconstitutional by filing a suit under 42 U.S.C. § 1983.  *Id.* at 859.

10   The Ninth Circuit held that Partington lacked standing to seek injunctive and declaratory relief

11   because he did not allege sufficient facts to demonstrate any actual or imminent threat of further

12   enforcement action.  Partington's complaint was therefore held to be "little more than a request

13   for the Hawaii Supreme Court to comply with the rights of due process in the future."  *Id*. at 862.

14   The Ninth Circuit held that because Partington had "failed to allege sufficient facts to

15   demonstrate an appreciable likelihood that the Hawaii Supreme Court will do anything in the

16   future to violate his rights [. . .] the district court properly dismissed this claim for a lack of case

17   or controversy."

18   Applying *Partington* to this case, the wholesale absence of any allegations that Plaintiff is

19   facing imminent future enforcement action by the State Bar of California renders the Complaint

20   insufficient to support standing to bring a facial challenge under Article III.  Seeking to avoid

21   this conclusion, Plaintiff alleges obliquely that his purported basis for standing is that he is

22   entitled to file a petition for reinstatement after five years and that he is defending against

23   reciprocal attorney discipline proceedings pending in Illinois.  Complaint at 9, ¶ 10-d.  Plaintiff

24   claims that "a finding that Standard 1.6(d) is unconstitutional and subsequently enjoined will

25   impact the nature and outcome of that petition."  *Id.*  But Plaintiff's vague allegation that a

26   declaration of unconstitutionality by this Court "will impact" other potential and future

27   proceedings is entirely unexplained, wholly speculative, and ultimately insufficient to establish

28   standing.  The Complaint must therefore be dismissed for lack of subject-matter jurisdiction.

## IV.  THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

If the Court nonetheless finds that it has subject-matter jurisdiction over this case, then the Complaint must be dismissed for failure to state a claim due to claim preclusion because Plaintiff has already raised the very same arguments in state court and suffered an adverse decision on the merits.  Therefore, Plaintiff is not permitted to re-litigate these same issues here.

### A.      Legal Standard Under Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff must thus allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Instead, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Id*.

While a court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff (*see Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)), the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A district court generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### B.      Plaintiff's Challenge to the Constitutionality of State Bar Rules is Precluded Because it was Adjudicated in the California Supreme Court Proceeding

With this litigation, Plaintiff is attempting to impermissibly re-litigate his challenge to Standard 1.6(d) that he already raised before the California Supreme Court and State Bar Court,

9

1    and which was already rejected on the merits in those state court proceedings.  His claim is

2    precluded.  *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988) ("Federal courts must give

3    preclusive effect to state court reviewed administrative determinations.").

4         "Whether a prior state court judgment precludes relitigation of an identical claim in

5    federal court depends on the preclusion rules of the state." *Gupta v. Thai Airways Int'l, Ltd.*, 487

6    F.3d 759, 765 (9th Cir. 2007).  Under California law, "[t]he prerequisite elements for applying

7    the [res judicata] doctrine to either an entire cause of action or one or more issues are the same:

8    (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior

9    proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party

10   against whom the doctrine is being asserted was a party or in privity with a party to the prior

11   proceeding." *People v. Barragan*, 32 Cal.4th 236, 253 (Cal. 2004).

12        Here, all of the elements of claim preclusion are met:

13        First, Plaintiff raised the very same challenges to Standard 1.6 of the State Bar rules in

14   the State Bar Court and on petition for review before the California Supreme Court.  *See Potere*

15   *on Discipline*, California Supreme Court Case No. S266618, Petition for Review (RJN, Exh 8) at

16   20-32 (alleging that Standard 1.6(d) is unconstitutional, violated the ADA, and violated

17   Plaintiff's equal protection and due process rights).

18        Second, the California Supreme Court's decision to deny Plaintiff's petition for review

19   and disbar Plaintiff was final and on the merits.  *See In re Rose*, 22 Cal.4th at 48 ("our denial of a

20   petition for review of a State Bar Court disciplinary decision is a final judicial determination on

21   the merits for purposes of establishing federal jurisdiction and res judicata."); *see also* Rule

22   9.16(b), Cal. Rules of Court ("Denial of review of a decision of the State Bar Court is a final

23   judicial determination on the merits and the recommendation of the State Bar Court will be filed

24   as an order of the Supreme Court.").  Plaintiff cannot claim that the California Supreme Court's

25   summary denial of his petition raising his challenge to Standard 1.6(d) was not on the merits

26   because Rule 9.16(b) expressly provides that the State Bar Court's recommendation was

27   incorporated into the California Supreme Court order; therefore, the California Supreme Court

28   adopted the decision of the State Bar Court below—which thoroughly analyzed and rejected

Plaintiff's challenges to Standard 1.6(d) (*see* RJN, Exh. 7 at 14-17)—as the Supreme Court's order.

Third, Plaintiff is the same party challenging Standard 1.6(d) in both proceedings.

Because all of the elements of claim preclusion are clearly met here, Plaintiff is barred from re-litigating his challenge to Standard 1.6(d).  The Complaint therefore fails to state a claim and must be dismissed.

**V. CONCLUSION**

For all the foregoing reasons, Defendants Board of Trustees of the State Bar and Leah Wilson respectfully request that the Complaint be dismissed with prejudice and without leave to amend.

Dated: August 20, 2021                    Respectfully submitted,

                                          VANESSA L. HOLTON
                                          General Counsel
                                          ROBERT G. RETANA
                                          Deputy General Counsel

                                          OFFICE OF GENERAL COUNSEL
                                          THE STATE BAR OF CALIFORNIA

                                          By:/s/  *James J. Chang*
                                              James J. Chang
                                              Assistant General Counsel
                                              Attorneys for Defendants
                                              Board of Trustees of the State Bar of California
                                              and Leah Wilson