VANESSA HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
THE STATE BAR OF CALIFORNIA
OFFICE OF GENERAL COUNSEL
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2381
Fax: (415) 538-2321
james.chang@calbar.ca.gov

Attorneys for Defendants Board of Trustees of the State Bar of California and Leah Wilson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BERNARD POTERE,<br><br>   Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE STATE BAR OF CALIFORNIA; LEAH WILSON, EXECUTIVE DIRECTOR OF THE STATE BAR OF CALIFORNIA,<br><br>   Defendants. | Case No.  2:21-cv-05208-JAK-JC<br><br>**DEFENDANT BOARD OF TRUSTEES OF THE STATE BAR OF CALIFORNIA AND LEAH WILSON'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>COURTROOM: 750<br>MAG. JUDGE:  Jacqueline Chooljian |

## I. INTRODUCTION

Nothing in Plaintiff's Opposition (Doc. 21) changes the conclusion that he (1) lacks standing to bring suit, requiring dismissal under FRCP 12(b)(1); and (2) has already litigated this claim in state court and thus is precluded from re-litigating it here, requiring dismissal under FRCP 12(b)(6).

The Opposition presents an untenable theory of standing, arguing that because Plaintiff allegedly intends to seek reinstatement of his law license in 2026, that he has established "imminent" injury—but this is far too speculative and remote in time to establish standing.

Plaintiff also mischaracterizes the law of preclusion by ignoring the black-letter statement of law by the California Supreme Court holding that denial of a petition for review in an attorney discipline matter constitutes adequate litigation and a decision on the merits for purposes of res judicata. Instead, Plaintiff selectively cites only to portions of the dissenting California Supreme Court opinion that are not law. Put simply, Plaintiff's claims are barred by res judicata.

For these reasons, the State Bar respectfully requests that the Court grant the Motion to Dismiss the FAC.

## II. ARGUMENT

### A. Plaintiff's Alleged Intention to Potentially Seek Reinstatement of His License Five Years From Now Is Not Sufficient to Establish Standing

Plaintiff's allegation that he will seek reinstatement of his law license in 2026, and that he believes Standard 1.6(d) may possibly be at issue in those potential future proceedings (Opposition at 4-6), is not sufficient to establish standing. Plaintiff misstates the law in his citation of several authorities in purported support of his position, and ultimately, fails to rebut the State Bar's showing that he lacks standing to bring this suit.

First, Plaintiff suggests that U.S. Supreme Court precedent in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) supports his theory of standing because

the "imminence" prong of the standing test is purportedly an "elastic concept." Opposition at 9 (citing *Lujan*, 504 U.S. at 564, n. 2). But in fact, the context for that quote contradicts Plaintiff's point and makes clear that Plaintiff's allegations of speculative future injury are simply too farfetched and remote to establish standing. The surrounding passage from *Lujan* reads:

> Although "imminence" is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes -- that the injury is "certainly impending". It has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control. In such circumstances we have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all.

*Lujan*, 504 U.S. at 564, n. 2 (internal citation omitted).

While Plaintiff has specified a "definite" future date by identifying the year 2026 as the time in which he alleges he could be injured, such a remote future date—nearly five years from now—obviously is not "certainly impending." Plaintiff's entire theory is speculative—he cannot allege with any certainty whether Standard 1.6(d) will exist in its current form, or even at all, in 2026. Plaintiff's tenuous theory is woefully insufficient to establish standing.

Next, Plaintiff cites to *Canatella v. State of Cal.*, 304 F.3d 843 (9th Cir. 2002) (Opposition at 9-13), but *Canatella* is inapposite and distinguishable for several reasons. First, *Canatella* involved a First Amendment challenge, which that Court expressly observed has a different and more relaxed test for standing. *Id.* at 853 ("The Supreme Court has relaxed the prudential requirements of standing in the First Amendment context . . . Where, as here, a plaintiff raises an overbreadth challenge to a statute under the First Amendment, standing arises 'not because [the plaintiff's] own rights of free expression are violated, but because of a

judicial prediction or assumption that the [challenged statute's] very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'") (citations and quotations omitted).

*Canatella* is therefore not relevant to determining standing in the instant case, which does not involve a First Amendment challenge. *See generally,* FAC at 14-25. Second, in *Canatella,* the plaintiff attorney had been sanctioned by a federal magistrate judge and the attorney had already self-reported the sanction to the State Bar, setting up a likelihood of a future disciplinary proceeding. *Id.* at 850. Here, by contrast, Plaintiff has already been disbarred so he is certain never to face another disciplinary proceeding in California—it is factually impossible that Standard 1.6(d) could ever be applied to Plaintiff in the future. Plaintiff nonetheless alleges that Standard 1.6(d) will somehow come into play in hypothetical future reinstatement proceedings in 2026, but in support of this Claim Plaintiff offers only an inaccurate and misleading interpretation of various State Bar Rules. (Opposition at 10-11). In fact, Standard 1.6(d) does not apply to reinstatement proceedings because the Standards for Attorney Sanctions for Professional Misconduct apply only to "determining the appropriate disciplinary sanction in a particular case."[1] No "disciplinary sanction" will be at issue in a future reinstatement proceeding.[2] Thus, Plaintiff's standing arguments fail on both factual and legal grounds.

---

[1] The Standards for Attorney Sections for Professional Misconduct are available at https://www.statebarcourt.ca.gov/Portals/2/documents/Rules/Rules-of-Procedure.pdf beginning at page 181 (page 198 of the PDF pagination). As official guidelines promulgated by a government agency, these Standards are subject to judicial notice pursuant to Federal Rule of Evidence 201(b)(2). *See, e.g., Gonzales v. Marriott Int'l, Inc.,* 142 F. Supp. 3d 961, 968 (C.D. Cal. 2015) (EEOC guidelines subject to judicial notice).

[2] Nor are Plaintiff's allegations in the FAC alleging that Standard 1.6(d) applies to reinstatement proceedings (FAC at 9) entitled to be taken as true at the pleading stage because they are mere legal conclusions—they are Plaintiff's (incorrect) legal interpretations of rules rather than true factual allegations. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss,

### B. Plaintiff's Reciprocal Discipline Proceeding in Illinois Does Not Involve Standard 1.6(D), Is Irrelevant to This Litigation, and Does Not Support a Finding of Standing

Nor is the fact that the Illinois Supreme Court has moved to revoke Plaintiff's law license relevant to Plaintiff's standing in this litigation. Plaintiff nowhere alleges that California's Standard 1.6(d) is to be applied to him in those Illinois proceedings; instead he only vaguely alleges that he could seek reconsideration of Illinois' decision if he prevails in this case. Opposition at 7. But that is completely irrelevant to the fact that Standard 1.6(d) is not involved in the Illinois case, and the Illinois Attorney Registration and Disciplinary Commission and Illinois Supreme Court are not even parties to this case. Plaintiff's attempt to claim standing based on the fact of the Illinois reciprocal discipline proceeding is simply meritless.

### C. Claim Preclusion Bars This Suit Because Plaintiff Actually Litigated His Challenge to Standard 1.6(d) in the Previous State Case

Plaintiff now mischaracterizes his earlier identical challenge in the underlying state attorney discipline proceeding and misstates the law of preclusion in attempting to avoid dismissal of the FAC on grounds of claim preclusion. His arguments are incorrect, and should be rejected.

Contrary to Plaintiff's assertion, Plaintiff did in fact litigate the very same issue—the constitutionality of Standard 1.6(d) in the underlying state attorney discipline proceeding. *See Potere on Discipline,* California Supreme Court Case No. S266618, Petition for Review (RJN [Doc. 19], Exh 8) at 20-32 (alleging that

---

courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). But even if the Court treats these allegations as factual rather than legal in nature, the allegations are relevant to the question of standing under FRCP 12(b)(1) rather than 12(b)(6) and thus the Court is permitted at the pleading stage to determine, rather than assume, the veracity of those asserted facts. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (existence of disputed facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims) (citation omitted).

1 Standard 1.6(d) is unconstitutional, violated the ADA, and violated Plaintiff's
2 equal protection and due process rights).  Plaintiff's legal theory in the state
3 proceeding and here are completely identical.  *Compare* Petition for Review [Doc.
4 18 at 147 and 150] ("Standard 1.6(d)'s application violated Mr. Potere's
5 constitutional right to equal protection;" "Standard 1.6(d)'s application violated
6 Mr. Potere's constitutional right to due process.") with the FAC (Doc. 15 at 17 and
7 19) ("Count II: Violation of Right to Substantive Due Process;" "Count III:
8 Violation of Right to Equal Protection.").  In his Opposition, Plaintiff attempts to
9 make an inconsequential distinction, claiming that his petition for review
10 challenged Standard 1.6(d) only as applied to him, but that this federal lawsuit
11 makes a facial challenge.   Opposition at 18.  This purported distinction is
12 irrelevant because, even granting Plaintiff this dubious claim, Plaintiff could have
13 raised a general facial challenge in the state proceeding, and this opportunity to
14 litigate that claim is sufficient to invoke res judicata: "Res judicata bars relitigation
15 of all grounds of recovery that were asserted, or could have been asserted, in a
16 previous action between the parties, where the previous action was resolved on the
17 merits. It is immaterial whether the claims asserted subsequent to the judgment
18 were actually pursued in the action that led to the judgment; rather, the relevant
19 inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council,*
20 *Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (*quoting*
21 *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir.
22 1998)).  Thus, the availability of a facial challenge in the earlier proceeding is
23 sufficient to invoke res judicata here.
24      Nor did Plaintiff lack an adequate opportunity to litigate his claims in state
25 court, as he now claims. (Opposition at 19-21).   It is settled law that the
26 California Supreme Court's review of a petition challenging a disciplinary
27 recommendation provides adequate opportunity for litigation for purposes of re
28 judicata.  As the California Supreme Court stated in *In re Rose*, 22 Cal.4th 430,

448 (2000): "our denial of a petition for review of a State Bar Court disciplinary decision is a final judicial determination on the merits for purposes of establishing federal jurisdiction and res judicata.  Furthermore, the circumstance that we may summarily deny such a petition does not preclude an attorney from having an adequate opportunity to litigate federal claims in this court."[3]  In response, Plaintiff cites only the <u>dissents</u> in *In re Rose* in arguing that Plaintiff did not receive an adequate opportunity to litigate his claim.  *See* Opposition at 20-21 (citing quotes only from the dissent, and not the majority opinion, of *In re Rose*).  But the majority opinion, not the dissents, state the law.  *Wall v. Sonora Union High Sch. Dist.*, 240 Cal.App.2d 870, 872 (1966) ("[A] majority opinion of the [California] Supreme Court states the law and . . . a dissenting opinion has no function except to express the private view of the dissenter.").

      Finally, Plaintiff claims an exception to res judicata claiming some discretionary exception, again citing only inapposite law.  Opposition at 22-24 (citing *Louis Stores, Inc. v. Dep't of Alcoholic Beverage Control*, 57 Cal. 2d 749 (1962)).  But *Louis* suggested only that res judicata might be relaxed in judicial review of administrative agency interpretations.  *See id.* at 758 ("some administrative determinations differ from court decisions and [. . .] as a consequence greater flexibility is required in applying the doctrine of res judicata to them.").  *Louis* bears no relevance here where the controlling law of the California Supreme Court requires the application of preclusion to bar Plaintiff's re-litigation of his failed claim.  *In re Rose*, 22 Cal.4th at 448.

---

[3] This statement of the law of preclusion is dispositive here because the preclusive effect of a state court decision is controlled by state law.  *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007) ("Whether a prior state court judgment precludes relitigation of an identical claim in federal court depends on the preclusion rules of the state.")

## III. CONCLUSION

For all the foregoing reasons, the FAC should be dismissed with prejudice and without leave to amend.

Dated: October 4, 2021

Respectfully submitted,

VANESSA L. HOLTON
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: /s/    *JAMES J. CHANG*
    JAMES J. CHANG
    Assistant General Counsel

Attorneys for Board of Trustees of the State Bar of California and Leah Wilson

# DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On October 4, 2021, following ordinary business practice, I filed via the United States District Court, Central District of California electronic case filing system, the following:

**DEFENDANT BOARD OF TRUSTEES OF THE STATE BAR OF CALIFORNIA AND LEAH WILSON'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on October 4, 2021.

                                                        */s/Joan Randolph*
                                                        Joan Randolph