

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BERNARD POTERE,

Plaintiff,

v.

THE BOARD OF TRUSTEES OF
THE STATE BAR OF
CALIFORNIA, et al.,

Defendants.

Case No. 2:21-cv-05208-JAK-JC

(PROPOSED)

ORDER ACCEPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Complaint (or "FAC"), the parties' submissions in connection with Defendants' Motion to Dismiss the First Amended Complaint, and all of the records herein, including the December 28, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), Plaintiff's objections to the Report and Recommendations ("Objections"), and Defendants' response to the Objections.  The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  The Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.  The Court addresses certain of the Objections below.

Plaintiff's First Amended Complaint claims that Standard 1.6(d) in Title IV of the California State Bar's Rules of Procedure ("Standard 1.6(d)") violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and Title II of the Americans with Disabilities Act ("ADA") by effectively preventing Plaintiff from demonstrating that his mental disability of depression qualified as a mitigating circumstance with respect to the misconduct at issue in his State Bar disciplinary proceedings, which resulted in his disbarment.[1]  Plaintiff assertedly seeks only prospective relief.  (FAC at 9-10).  The Magistrate Judge recommends that the Motion to Dismiss be granted and the First Amended Complaint be dismissed without leave to amend on the grounds that (1) Plaintiff lacks standing to pursue his claims in this Court because Standard 1.6(d) does not pose a "real and immediate threat" to Plaintiff, and (2) Plaintiff's claims are barred by res judicata (*i.e.*, claim preclusion) because they were raised in his state proceedings, including in his petition for review in the California Supreme Court.  Plaintiff's Objections dispute both grounds for dismissal by raising many of the same arguments that the Magistrate Judge appropriately rejected.

With respect to standing, Plaintiff continues to argue that he will be subjected to Standard 1.6(d) when he seeks reinstatement to the California Bar, which he will be permitted to do as of March 30, 2026.  (See Objections at 6-15).  In reinstatement proceedings, as Plaintiff points out, a petitioner's "rehabilitation" is considered in light of the seriousness of his or her past misconduct and "moral shortcomings."  (Objections at 7).  Plaintiff intends to argue to the State Bar that his mental disability should mitigate these latter considerations.  (Objections at 7).

---

[1]Standard 1.6(d) permits extreme emotional difficulties or physical or mental disabilities to be considered as "mitigating circumstances" in State Bar disciplinary proceedings only if the respective disability is "established by expert testimony as directly responsible for the misconduct" and is shown to "no longer pose a risk that the lawyer will commit misconduct."  (See FAC Ex. A).

1   According to Plaintiff, Standard 1.6(b) will effectively prevent him from doing so
2   unless this Court rules it unconstitutional.  (Objections at 8).

3          However, even though the seriousness of Plaintiff's past misconduct will
4   undoubtedly be taken into account when Plaintiff ultimately seeks reinstatement,
5   he has not persuasively shown that those proceedings will provide him a new
6   opportunity to establish *mitigation* with respect to that misconduct – or, if so, that
7   Standard 1.6(d) will apply to that issue.

8          Plaintiff asserts that the State Bar Court's "pattern and practice is to analyze
9   a petition for reinstatement using the factors outlined in . . . Standard 1.6(d)."
10  (Objections at 11).  He attempts to support this by citing two State Bar Court
11  opinions in which petitioners for reinstatement raised the issue of mental disability
12  in the context of showing rehabilitation.  (Objections at 12-13).  Yet, Plaintiff
13  concedes that these cases do not reference Standard 1.6(d), and he fails to point to
14  any case in which the State Bar Court applied this provision and refused to
15  consider mental disabilities as mitigating circumstances in reinstatement
16  proceedings due to a petitioner's failure to present expert testimony.

17         This is not surprising.  As the Magistrate Judge noted, Standard 1.6(d) is
18  part of the State Bar's "Standards for Attorney Sanctions for Professional
19  Misconduct," expressly adopted as a means for determining "appropriate
20  disciplinary sanction[s]."  See Standard 1.1.  By their terms, these apply in State
21  Bar disciplinary proceedings – which a disbarred attorney such as Plaintiff cannot
22  expect to face.  Notwithstanding Plaintiff's attempt to construe reinstatement
23  proceedings as "natural extensions" of disciplinary proceedings (Objections at 11),
24  the Court is not persuaded that the challenged provision poses any "real and
25  immediate threat" to him.  See Bates v. United Parcel Serv., Inc., 511 F.3d 974,
26  985 (9th Cir. 2007) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)).

27         As for res judicata, Plaintiff contends that the Magistrate Judge failed to
28  properly determine whether, in disciplinary proceedings, the State Bar "[1]

3

1   resolves disputed issues of fact properly before it [2] which the parties have had an
2   adequate opportunity to litigate . . . ," as required for res judicata to apply to
3   administrative agency decisions.  (Objections at 15-16) (quoting People v. Sims,
4   32 Cal. 3d 468, 486 (1982), superseded by statute on other grounds, Cal. Vehicle
5   Code § 13353.2).  Plaintiff contends these factors were not met here because the
6   California Constitution precludes the State Bar Court from declaring a statute
7   unconstitutional or unenforceable or otherwise refusing to enforce a statute on the
8   grounds that it violates federal law or federal regulations.  (Objections at 16)
9   (citing Calif. Const. art. III, § 3.5).

10          This argument is without merit.  Because Plaintiff was able to assert his
11  federal constitutional rights in his disciplinary proceedings and on judicial review
12  of such proceedings in the California Supreme Court, he had an "adequate
13  opportunity to litigate" his federal claims, which were properly before such
14  tribunals, and it is "inconsequential that California's State Bar Court has no
15  jurisdiction to declare a statute unenforceable or unconstitutional or refuse to
16  enforce it on such a basis absent clear precedent."  See Canatella v. California, 404
17  F.3d 1106, 1111 (9th Cir. 2005) (citing Hirsh v. Justs. of Supreme Ct. of State of
18  Cal., 67 F.3d 708, 711-13 (9th Cir. 1995)).  As for Plaintiff's suggestion that the
19  California Supreme Court is biased against finding a State Bar rule
20  unconstitutional, this Court cannot presume that the state court will not adequately
21  safeguard federal constitutional rights.  Cf. Hirsh, 67 F.3d at 713 ("Refusing to
22  abstain [under Younger v. Harris, 401 U.S. 37 (1971), from hearing constitutional
23  challenges to state bar disciplinary proceedings] would require presuming that the
24  California Supreme Court will not adequately safeguard federal constitutional
25  rights, a presumption the U.S. Supreme Court squarely rejected in [Middlesex Cty.
26  Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)].").[2]

27  ────────────────
28          [2]Although Canatella and Hirsh were addressing the "adequate opportunity to litigate"
    requirement for purposes of Younger abstention, rather than res judicata, this requirement in the
    (continued...)

1       Plaintiff also disputes the Magistrate Judge's finding that Plaintiff's claims

2   in this Court satisfy the "same cause of action," or "same claim," requirement for

3   res judicata.  (Objections at 22-23).  Plaintiff contends that his claims here raise

4   general challenges to the constitutionality of Standard 1.6(d), whereas his claims

5   in the State Bar Court and California Supreme Court were "specific to his matter."

6   (Objections at 22).  As support, he points out that the State Bar Court denied the

7   claims solely based on the facts of his case and "did not engage in any broader

8   constitutional analysis."  (Objections at 23).  However, as the Magistrate Judge

9   found, Plaintiff's characterization of his prior claims is belied by his petition for

10  review in the California Supreme Court, which raises essentially the same general

11  constitutional challenges that he raises here.  (See Defendants' Request for

12  Judicial Notice ("RJN"), Docket No. 19, Ex. 8 at 17-25).  As such, the "same

13  claim" requirement is met.  See Scheer v. Pasternak, 2017 WL 8944058, at *8

14  (C.D. Cal. Jan. 6, 2017) ("same claim" requirement was met where plaintiff's

15  petition for review of State Bar Court decision in the California Supreme Court

16  raised same facial and as-applied constitutional challenges as her federal

17  complaint, based on same facts and same injury suffered) (citing Furnace v.

18  Giurbino, 838 F.3d 1019, 1024 (9th Cir. 2016), cert. denied, 137 S. Ct. 2195

19  (2017)), report and recommendation adopted, 2017 WL 1536387 (C.D. Cal. Apr.

20  28, 2017), aff'd, 723 F. App'x 519 (9th Cir. 2018).

21      Plaintiff also contends that even if res judicata bars his constitutional

22  claims, his ADA claim cannot be barred because it was not raised before the State

23  Bar Court or the California Supreme Court.  (See Objections at 23 & n.6).

24  _____

25          [2](...continued)

26  two doctrines appears essentially the same.  See Commc'ns Telesystems Int'l v. Cal. Pub. Util.
    Comm'n, 196 F.3d 1011, 1017, 1020 (9th Cir. 1999) (noting that the "adequate opportunity"

27  requirement of these two doctrines is similar and using same analysis to dispose of both issues).
    As such, the Ninth Circuit's reasoning on the "adequate opportunity" issue in Canatella and

28  Hirsh, if not binding on the res judicata issue before the Court, is at least persuasive.

5

1  However, Plaintiff's ADA claim – which in substance closely resembles his

2  constitutional challenges to Standard 1.6(d), as raised in this Court and the state

3  proceedings (see FAC at 14-25; RJN Ex. 7 at 15-16 & n.12; RJN Ex. 8 at 17-30) –

4  was indeed raised at least in Plaintiff's petition for review in the California

5  Supreme Court.  (See RJN Ex. 8 at 20).  That court's summary denial of review of

6  the State Bar Court disciplinary decision was a final "judicial" determination for

7  purposes of res judicata.  In re Rose, 22 Cal. 4th 430, 448 (2000).  Moreover,

8  Plaintiff's various legal challenges to Standard 1.6(d) here, whether under the

9  constitution or the ADA, qualify as the same "cause of action" as the claims in his

10  state proceedings for res judicata purposes, because the claims all "involve the

11  same injury to the [P]laintiff and the same wrong by the [D]efendant," even to the

12  extent Plaintiff "pleads different theories of recovery, seeks different forms of

13  relief and/or adds new facts supporting recovery." Furnace, 838 F.3d at 1024

14  (internal quotation and citation omitted); see also Salas v. Gomez, 2016 WL

15  3971206, at *8 (N.D. Cal. July 25, 2016) ("The term 'cause of action' 'relates not

16  to the remedy involved or the relief asked, but to the right or obligation which is

17  sought to be enforced.'") (quoting Ideal Hardware & Supply Co. v. Dep't of

18  Employment, 114 Cal. App. 2d 443, 448 (1952)).

19      Finally, the Court is not persuaded that applying res judicata here "will

20  create injustice by harming third parties and public interest."  (Objections at 24).

21  This Court's ruling will not prevent other disabled individuals from asserting

22  similar challenges to Standard 1.6(d), whether in the California Supreme Court,

23  the United States Supreme Court, or federal district court depending on the

24  circumstances of the respective cases.  See Jerry Beeman & Pharmacy Servs., Inc.

25  v. Anthem Prescription Mgmt., Inc., 2007 WL 8434030, at *4 (C.D. Cal. Aug. 27,

26  2007) (public interest exception "does not apply when preclusion will not affect

27  third parties or the public interest . . . .") (citing First N.B.S. Corp. v. Gabrielsen,

28  179 Cal. App. 3d 1189, 1197 (1986)), aff'd, 780 F. App'x 486 (9th Cir. 2019).

6

The Magistrate Judge thus correctly concluded that this case does not present the "exceptional circumstances" required for California's public interest exception to res judicata.  See Arcadia Unified Sch. Dist. v. State Dep't of Educ., 2 Cal. 4th 251, 259 (1992).

In sum, Plaintiff has failed to establish any error in the Magistrate Judge's Report and Recommendation.  Accordingly, as indicated above, the Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.

IT IS HEREBY ORDERED that (1) Defendants' unopposed Request for Judicial Notice is granted; (2) Defendants' Motion to Dismiss the First Amended Complaint is granted; (3) the First Amended Complaint is dismissed without leave to amend; (4) this action is dismissed; and (5) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Plaintiff and counsel for Defendants.

IT IS SO ORDERED.

DATED: _____April 12, 2022_____

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE